## FOUTELET ET AL. *vs.* DUGAS.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE
OF THE FOURTH DISTRICT PRESIDING.

Where the separate property of the deceased wife is inventoried as common property, and adjudicated to the surviving husband, at the estimative value, it will be liable in his hands, to such liens or mortgages as may be acquired thereon by third persons, before the heirs of the wife assert their legal rights as owners, by inheritance.

This suit commenced by injunction. Joseph Foutelet became the purchaser of all the property in common or separate, existing between him and his first wife, at the probate sale of her succession, at its estimative value in the inventory. 9 *Louisiana Reports*, 291, 299.

Foutelet afterwards married the defendant, as his second wife, and becoming embarrassed, she sued him and obtained judgment of separation of property, with a legal mortgage for the restitution of the sum due. She then took out execution and levied it on one of the slaves, in the possession of Foutelet, alleged by the plaintiffs to have been the separate property of their deceased mother, and illegally sold to Joseph Foutelet, at the probate sale of her succession. They set up claim to the slave, in right of their mother, and pray for an injunction to stop the sale.

The district judge dissolved the injunction, and the plaintiffs appealed.

*Conrad*, for the plaintiffs.

*R. W. Nicholls*, contra.

*Bullard, J.*, delivered the opinion of the court.

This case cannot be distinguished from that of the same plaintiffs *vs.* Murrell, decided at the April term, 1836. See 9 *Louisiana Reports*, 291, 299.

Where the separate property of the deceased wife is invento—

ried as common
property, and
adjudicated to
the surviving
husband, at the
estimative value,
it will be liable
in his hands to
such liens or
mortgages as
may be acquired
thereon by third
persons, before
the heirs of the
wife assert their
legal rights as
owners by in-
heritance.

We came to the conclusion stated in the opinion of the court in that case, after deliberate examination and reflection. We have again considered the questions involved, and are not satisfied that we erred. In the case now before the court, the wife of Foutelet, the father, is the seizing creditor, under a judgment recovered against him; in the other case it was a stranger : both, however, are creditors, and we cannot distinguish between them. The sale under execution will convey no better right than the father has to the property in controversy, and the question is open, as to the prior claims of the plaintiffs, and as regards one of them, his mortgage is certainly superior to the claim of the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.