## No. 3074.

### CHARLES ZAPATA *v.* HONORINE CIFREO AND ELIZA BOUGERE.

When a note is negotiable, it is competent for plaintiff, in his capacity of agent, to treat the
instrument, as between himself and all other persons except his principal, as his own.
In this case the defendants have shown no equitable grounds of defense they were
entitled to set up against the maker of the note.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,*
J. *W. O. Denegre,* for plaintiff and appellee. *E. Bermudez,* for
defendants and appellants.

TALIAFERRO, J. On the fifteenth May, 1857, one B. Guignon execu-
ted a promissory note for $2000, due two years after date, and drawn
payable to his own order and by him indorsed. Its payment was
secured by special mortgage on property in New Orleans. This note
became the property of Pierre Morrisot, who afterwards transferred it
to the plaintiff.

It seems that Guignon, the maker of the note, in a settlement with
the defendants after the death of their mother, whom Guignon had
married, transferred to them a number of lots and buildings, and in
consideration thereof they obligated themselves to pay and discharge
in the place of Guignon the note for $2000 with the interest thereon.
The object of this suit is to enforce the payment of the note against
the defendants under their obligation to pay it. The plaintiffs pray
judgment against them accordingly and that their right of mortgage
be recognized, etc.

Honorine Cifreo, one of the defendants, assisted by her husband,
denies any indebtedness on her part in relation to the demand of the
plaintiffs, and avers that by special act of agreement with Eliza Bou-
gere, the other defendant, the latter had obligated herself to pay the
aforesaid obligation and release Mrs. Cifreo; that all claims against
the succession of their mother, of which the note in question appears

to have been one, the said Mrs. Bougere had assumed to pay, and the respondent prayed that as to her the plaintiff's demand be dismissed.

The other defendant put in a general denial, and specially denies that the plaintiff is the owner of the note sued upon, and avers that it is owned by Morrisot, who is dead; that his succession has not been opened and against which the defendant has valid defenses. She pleads the prescription of five years, and avers that any stipulations she may have made concerning the note were not intended for the owner thereof, but for the benefit of the original debtor to whose rights and obligations defendant has succeeded. Judgment was rendered in favor of plaintiff and defendants have appealed.

The defense appears to be that Zapata, who sues, can not avail himself of the stipulation in favor of Morrisot unless he shows an assignment of the rights of Morrisot to the note and mortgage. That the plaintiff in a motion for a new trial styled himself as agent; that he can not provoke a judgment as he has not disclosed the name of his principal. That Mrs. Bougere the principal defendant who was bound to pay the debt to Morrisot in place of Guignon the original obligor, and in the same manner that he was bound, can no longer be held liable, as whatever stipulations she may have made since May 1857, the date of the note, having remained unaccepted, prescription has accrued in her favor as it evidently has in favor of Guignon the original obligor.

We think these pleas can not avail the defendant. The note is negotiable. It was competent for the plaintiff, as agent, to treat the instrument as between himself and all other persons except his principal, as his own. Story on Bills sec. 198. In the case of Banks v. Easton 3 N. S. 291, Judge Porter said: "The blank indorsement makes a bill transferable by the indorsee and every subsequent holder by mere delivery, and so long as the indorsement continues in blank it makes the bill or note payable to bearer. It appears to us, therefore, that whether plaintiff was the owner of the note sued on or not was a question with which the defendant had nothing to do, for by virtue of the blank indorsement the holder was entitled to recover from the defendant, if not as real owner at least as trustee for the person having the real interest. There are exceptions to the general rule where the defendant has equitable grounds of defense of which he apprehends an attempt is made to deprive him by an assignment which is not *bona fide*, or when the note has been lost and the plaintiff can not account how he came by it. But when no such obligations are made, the holder of the note is entitled to recover, and a judgment in his favor will form *res judicata* against any other person claiming an interest in the bill, for the indorsement in blank makes the note payable to bearer."

In the case at bar the defendants have shown no equitable grounds of defense they were entitled to set up against the maker of the note.

Next, as to the plea of prescription. It is shown clearly that there was a complete recognition of the debt, and an assumption to pay it by the defendants on the eighth of February, 1864, four years and nine months after the maturity of the note. By public act on the seventeenth of January, 1867, already referred to, the defendants in an act of partition recognized this debt, and Mrs. Bougere obligated herself to pay it. Citation was served on her on the eighteenth of February 1870. The plea of prescription is therefore unavailable.

It is ordered and adjudged that the judgment of the district court be affirmed with costs.

Rehearing refused.