No. 5914.

PHILIP AVEGNO vs. GEORGE A. FOSDICK.

Being sued on certain promissory notes, the defendant pleaded the general issue. Subsequently, with leave of the court, he filed a supplemental answer, in which he set up want of consideration. The supplemental answer changed the issue, and no testimony could be heard under it.

APPEAL from the Sixth District Court, parish of Orleans.  *Saucier*, J. *W. B. Koontz*, for plaintiff and appellee.  *Bentinck Egan* and *L. Madison Day*, for defendant and appellant.

MORGAN, J. The defendant, sued on several promissory notes, pleaded the general issue. Subsequently, with leave of the court, he filed a supplemental answer, in which he set up want of consideration.

On the trial defendant offered evidence in support of his plea of want

of consideration.   Plaintiff objected to the introduction of the testimony, upon the ground that the supplemental answer changed the issue, and that no testimony could be heard under it.   The objection was sustained, and the evidence rejected.   To this ruling the defendant excepted, and reserved his bill.   The case comes up to us upon the legality of the judge's refusal to allow the testimony to be heard.

In Calvert vs. Tunstall, 2 La. 207, the court refused to allow the defendant to withdraw a general denial and plead a want of consideration. In Babcock vs. Shirley, 11 L. 74, where a general denial was pleaded, and subsequently, by consent, subject to the final judgment of the court as to its admissibility, failure of consideration was pleaded, the court refused to allow the amended answer.

These decisions rest upon the articles of the Code of Practice which prohibit amendments which change the issue.   C. P. 419, 420.

Under these decisions and the articles referred to, the ruling of the district judge was correct.

Judgment affirmed.