## No. 6924.

### GEORGE M. KLEIN vs. MRS. BUCKNER ET AL.

The maker of a promissory note indorsed in blank, and acquired by the holder before its maturity, can not resist the payment of the note on the ground that the holder is not the real owner, unless he alleges and shows that he has good defenses, or claims, against the real owner.

An agent in whose hands a note has been placed for collection, may sue on it in his own name.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J.

*E. D. & W. Farrar* for plaintiff and appellant.

*Seale & Morrison* for defendants and appellees.

The opinion of the court was delivered by .

MARR, J. This is an appeal, by the holder of a promissory note, from a judgment of nonsuit, in favor of the maker and the indorser.

The consideration of the note is fully proven, and the only question is as to the right of the holder, George M. Klein, to sue and recover in his own name.

The note is indorsed in blank by Brackett, the payee, and by Seale; and on the fifteenth November, 1875, the date of payment mentioned in it, Seale waived presentment and demand by writing on the back of the note, signed by him.

The judge assigned no reason for his judgment except that "the law and the evidence being in favor of defendants," etc.

Interrogatories were propounded to George M. Klein, in answer to which he stated that he was Cashier of the Mississippi Valley Bank, a private copartnership composed of himself and four other persons: that the note sued on belongs to him individually in law: that when collected he will be accountable to his partners for their proportion; "but the legal title to the note is in me, and I owned the note at the time the suit was brought."

It was proven that after the note was delivered to Brackett, signed by the maker, Mrs. Buckner, he asked Seale to indorse it, so that he might get the money on it; and it was also proven that soon after, probably on the same day, the bank of which Klein was cashier, discounted the note.

It is too well settled, it is too plain, as a legal proposition, to be questioned, that where a promissory note is indorsed in blank by the payee, suit may be brought on it, and payment enforced, in the name of any person, whomsoever, who is in possession. Of course, if the holder has stolen the note, or otherwise obtained it wrongfully, the real owner might claim it: or the defendant, having knowledge of the fact, might, if necessary for the protection of his own rights, allege that the holder was not entitled to recover, because of his wrongful possession; as, for instance, if the defendant has claims or defenses, as between himself and the real owner, he may allege that the holder, in whose name the suit is brought, is but the apparent owner, or that he sues for the benefit of the real owner.

In this case there is nothing set up, nothing suggested, which impairs, in the slightest degree, the right of plaintiff to sue for and recover the amount due on the note. Seale, in his amended answer, alleges that the note was held and owned by the bank, and "that plaintiff as cashier, and in his official capacity, and for said bank, holds said note, and that he is without any interest whatever in the subject matter of this suit."

Here then we have a case in which the legal title would be in any holder by reason of the indorsements in blank; in which the holder is a partner in the bank alleged by defendants to be the real owner, and is,

moreover, as cashier, the legal custodian of the proper securities belonging to the bank; and in which the defendants set up no right or claim or defense which they could not have urged, as effectually, in a suit on the note by Klein as they could have done if the suit had been brought in the name of the bank.

If the real owner of a note, which is indorsed in blank by the payee, and thereby made payable to bearer, places it in possession of any person whomsoever for collection, the right of such person to sue and recover in his own name is as perfect as that of the real owner.

The judgment of the district court is avoided and reversed; and proceeding to render such judgment as that court should have rendered, it is now ordered, adjudged, and decreed that George M. Klein do have and recover of Mrs. Lucie Buckner and Jacob C. Seale, *in solido*, the sum of one thousand three hundred and forty-three dollars and thirteen cents ($1343 13), with interest at the rate of eight *per cent per annum* from the fourteenth (14th) day of April, 1875, until paid, and costs in both courts.