## No. 1105.

### Vincent Boagni vs. T. C. Anderson et al.

An amendment alleging a want or failure of consideration, cannot be allowed after the general issue. *Stare decisis.*

A second amended Answer pleading Compensation, should be allowed to be filed, if the debts pleaded in compensation, are described with sufficient precision.

A stipulation by the maker of a note, that he will pay *such Counsel fees as is customary*, in case of legal proceedings, etc., is not an unconditional obligation to pay a specific sum of money, which deprives him of his right to a trial by jury.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth*, J.

Henry L. Garland for Plaintiff and Appellee :
1.  When sued on a note, one having filed a general denial, cannot amend by pleading want of consideration, nor compensation. 23 An. 142.
2.  When plea in compensation is made, it must be made according to the same provisions of law as govern in drawing petitions. 28 An. 109.

Lewis & Bro. and A. Voorhies for Defendants and Appellants :
1.  Plaintiff suing for attorney's fees, as customary in case of law proceedings, the demand is unliquidated and not for an unconditional obligation to pay a specific sum of money : defendants are entitled to trial by jury, without affidavit and without special defenses.
2.  Defendants having pleaded error in the contract for a part, and payment and compensation supporting these special defenses, with affidavit, they are entitled to jury trial.
3.  Defenses of error, payment, and compensation can be filed at any stage of the proceedings, being peremptory exceptions, founded on

law. They can be coupled in the original answer, with the general issue, or interposed subsequently in an amended answer.

4. Sureties cannot be held, by mere implication, beyond the stipulations made by themselves.

C. P. 345-6; 19 An. 207; 6 La. 458; 1 La. 318.

---

The opinion of the Court was delivered by

Todd, J. This is a suit on two promissory notes for $1846 19 each, signed by the defendant, payable to the order of the plaintiff, and for ten per cent on the amount of said notes, claimed as the attorney's fee under the stipulations of a written contract set forth in the petition.

The defendants first pleaded the general issue.

They subsequently offered an amended answer which alleged a partial want and failure of consideration. This want and failure of consideration was alleged to result from the fact that at the time of the execution of the notes, the plaintiff was indebted to one of the defendants, Thomas C. Anderson, in several sums, which are set forth in the answer, paid out to different persons on the written orders of the plaintiff.

It was also averred that plaintiff was indebted to said Anderson $1200 on account of mortgage paper of the said Anderson which the plaintiff had in his possession, and was further indebted to him in a further amount not stated, for rents collected by him and not accounted for, which alleged indebtedness was pleaded in compensation.

In this amended answer, which was sworn to, the defendant prayed for trial by jury. It was objected to by plaintiff's counsel, and disallowed by the court.

The next day after its rejection, the defendants offered another amended answer containing the same allegations of indebtedness on the part of the plaintiff to the defendant T. C. Anderson, and pleading all these same in compensation.

This, too, was objected to by plaintiff's counsel, the objections sustained, and the amendment disallowed.

There was judgment for the plaintiff, and the defendants have appealed.

They assign as errors before this Court the several rulings of the judge a quo mentioned, and his refusal to grant a trial by jury.

In the refusal to allow the first amended answer offered, we do not think the court erred.

If the question was an open one, we might hesitate before declaring that an amendment alleging a want or failure of consideration could not be allowed after a plea of the general issue or answer of general denial, but it has been expressly so decided in several cases, and upon

the principle of *stare decisis* we cannot disturb these repeated rulings. 2 L. 207 ; 11 L. 74 ; 28 A. 109.

In regard to the second amended answer offered, which contained only pleas in compensation, we think the judge erred in refusing it *in toto*. It should have been allowed to the extent of the amounts pleaded in compensation, where the claims thus pleaded were described with sufficient accuracy as to amount, dates, and cause of action, etc., and the rest disallowed. The claim mentioned as resulting from plaintiff's possession of the mortgage paper of the defendant amounting to $1200, and that growing out of the alleged collection of rents, amount $200, are not sufficiently set forth and described, and should be excluded from the amended answer, unless the palpable defects respecting them are cured by the proper proceeding. It is true that this may restrict the amended answer to those items of indebtedness which were alleged to exist anterior to the execution of the notes, which fact might subject them to a reasonable suspicion ; still this fact alone is not sufficient to reject them from the answer, and preclude any inquiry into them, as the judge *a quo* seems to have concluded.

We think, too, that the defendants were entitled to a trial by jury.

Apart from any thing contained in the amended answers, there was one part of the plaintiff's demand which was not fixed in amount, supported by an unconditional obligation to pay. We refer to the attorney's fee claimed. The written contract, which we find in the record, under which this claim is made, stipulates not that the defendant is to pay a certain specified commission on the amount sued for, or any fixed sum whatever, as attorney's fee, but merely recites, in the language of the act, that "Mr. Anderson promised to pay lawyers' fees, as customary in case of law proceedings to enforce the payment of his indebtedness." And we find that upon the trial of the case parol evidence was introduced to show what was a reasonable and customary fee. We think that this presented an issue which the defendants were entitled to have tried by jury.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to be proceeded with according to law and the views we have herein expressed, plaintiff to pay costs of appeal.