### (100 South. 531)

### No. 24659.

### QUICK v. LITTLEJOHN.

### (May 12, 1924.)

*(Syllabus by Editorial Staff.)*

**Bills and notes** ☞452(2)—**Defendant held not entitled to contest title of holder of notes.**

In action on notes made by defendant and others to their own order and indorsed in blank, defendant held without interest to tender issue that plaintiff was not the holder, his title not being subject to contest on bare denial, and defendant alleging neither fraud, bad faith, loss of instruments, nor valid defense available against others than plaintiff in view of Negotiable Instruments Law, §§ 9 and 51, and Civ. Code, art. 2145.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by Leon W. Quick against W. H. Littlejohn. Judgment for plaintiff, and defendant appeals. Affirmed.

J. S. Atkinson and Alex F. Smith, both of Shreveport, for appellant.

Charles F. Crane, of Shreveport, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. Plaintiff, as the holder and owner for value before maturity, sues to recover the balance due on ten promissory notes, interest, and attorney's fees. The amount claimed is $67,546.40. The notes were made by defendant and two other parties to their own order and indorsed by them in blank.

Defendant, in his answer, denied that plaintiff was the holder and owner of the notes. He averred that the notes were executed in the state of Texas and were subject to the prescription of four years, which he specially pleaded, provided by the laws of that state.

The court below gave plaintiff judgment, and defendant has devolutively appealed therefrom.

Defendant failed to sustain his allegation that the notes were executed in Texas, and the district judge rejected his plea of prescription. Since no argument has been made on the plea in this court, defendant has apparently, and we think correctly, abandoned, as untenable, that ground of defense.

The remaining ground of defense is that plaintiff is not the owner of the notes. Under the pleadings, defendant is without interest to tender this issue. Plaintiff's title cannot be contested on its bare denial. Defendant alleges neither fraud, bad faith, loss of instruments, nor that he has a valid defense which he could set up against any other person whomsoever which would not be available against the plaintiff. Peyroux v. Davis, 17 La. 479; Butler v. Stewart, 18 La. Ann. 554; Hunt v. Stone, 19 La. Ann. 526; Klein v. Buckner, 30 La. Ann. 680; Scionneaux v. Waguespack, 32 La. Ann. 283.

The Negotiable Instruments Law (Act 64 of 1904) provides (section 9) that an instrument is payable to bearer when the only or last indorsement is an indorsement in blank. A negotiable instrument payable to bearer passes by mere delivery.

The holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument. Act 64 of 1904, § 51. See, also, Civil Code, art. 2145, providing that the payment is valid though not made to the creditor or his representative when the debt is due on an instrument in writing payable to bearer, and the payment is made to one in possession of the original evidence of debt.

Judgment affirmed.