### CHARBONNET v. RELIANCE FINANCE CORPORATION, Inc.*
### No. 14162.

Court of Appeal of Louisiana. Orleans.
June 27, 1932.

W. Blair Lancaster, Jr., of New Orleans, for appellant.

Raymond Gauche, of New Orleans, for appellee.

---

*Rehearing denied October 3, 1932.

HIGGINS, J.

Plaintiff, as a holder and owner for value after maturity of defendant's promissory note, sues to recover the balance due of $1,000 on account of said note, together with 6 per cent. interest and 20 per cent. attorney's fee.

Defendant filed a general denial, and, on the day the case was set for trial, attempted to file a supplemental and amended answer, tendering the following defenses:

First, that the plaintiff was not the holder and owner of the note.

Second, that the defendant, in giving the note, was an accommodation surety for the Kenner Vegetable Farms, Inc., and, as the holder of the note, gave an extension of time for the payment of it, the accommodation surety was thereby released.

Third, that the note was unenforceable for want, or failure, of consideration.

The trial court, upon timely objection of the attorney for the plaintiff, refused to sign the order permitting the supplemental and amended answer to be filed, but, on the trial of the case, defendant was permitted to introduce evidence in support of these defenses.

There was judgment in favor of the plaintiff, as prayed for, and the defendant has appealed.

■ We do not deem it necessary to review the ruling of the trial court in refusing to grant an order permitting the filing of the supplemental and amended answer because the judge, a quo, permitted the defendant to introduce evidence tending to establish the defenses set forth in the supplemental answer. Therefore the defendant was not prejudiced by the ruling of the trial court in presenting its defense. In passing, we might say that the ruling of the trial court on this point is supported by the following authorities: Articles 419, 420, Code Prac.; Babcock et al. v. Shirley, 11 La. 49 (star page 73); Philip Avegno v. Fosdick, 28 La. Ann. 109; Boagni v. Anderson et al., 32 La. Ann. 920.

■ Now, treating the matter as if the supplemental and amended answer had been properly and timely filed, we will next consider. the questions raised therein. The defense that the plaintiff was not the owner of the note is clearly without merit. In the case of Quick v. Littlejohn, 156 La. 369, 100 So. 531, 532, the Supreme Court said:

"The remaining ground of defense is that plaintiff is not the owner of the notes. Under the pleadings, defendant is without interest to tender this issue. Plaintiff's title cannot be contested on its bare denial. Defendant alleges neither fraud, bad faith, loss of instruments, nor that he has a valid defense which he could set up against any other person whomsoever which would not be available against the plaintiff. Peyroux v. Davis, 17 La. 479; Butler v. Stewart, 18 La. Ann.

554; Hunt v. Stone, 19 La. Ann. 526; Klein v. Buckner, 30 La. Ann. 680; Scionneaux v. Waguespack, 32 La. Ann. 283.

"The Negotiable Instruments Law (Act 64 of 1904) provides (section 9) that an instrument is payable to bearer when the only or last indorsement is an indorsement in blank. A negotiable instrument payable to bearer passes by mere delivery.

"The holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument. Act 64 of 1904, § 51. See, also, Civil Code, art. 2145, providing that the payment is valid though not made to the creditor or his representative when the debt is due on an instrument in writing payable to bearer, and the payment is made to one in possession of the original evidence of debt.'

"Judgment affirmed."

In reference to the point that the defendant was an accommodation surety and that, as the holder of the note gave an extension of time for payment without defendant's consent, it was thereby released from liability, we believe it is sufficient to say that the evidence shows that the defendant was an accommodation maker of the note sued upon, but not an accommodation surety. Section 29 of the negotiable instrument statute of this state, Act No. 64 of 1904, reads as follows:

"Sec. 29. An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value.therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

■■ While it is true that giving an extension of time for payment by the holder to the maker without the consent of the accommodation indorser releases the indorser from liability, counsel for defendant has not pointed out any case where this rule has been extended to an accommodation maker. In the absence of authority to the contrary, it would appear to us that the accommodation maker of a note is in the same position as an ordinary maker of a note, and cannot complain if an extension of time has been granted, unless there would be some ground of estoppel showing that his rights had been prejudiced by such action on the part of the holder.

Was there a lack, or failure, of consideration for the note? The evidence shows that the Kenner Vegetable Farms, Inc., desired to purchase a piece of real estate from the West Orleans Beach Corporation. The prospective purchaser was unable to furnish all cash for the purchase price, and the seller agreed to accept the note of the Reliance Finance Corporation, Inc., for the sum of $2,000. The seller then discounted the note with Allen

Johness, who, in turn, negotiated it to Mr. Charbonnet, the plaintiff herein. The purchaser paid the sum of $1,000 on account of the note, but, after due demand upon the defendant and the Kenner Vegetable Farms, Inc., the note was not paid, and this suit resulted.

There is not any doubt that the West Orleans Beach Corporation, Allen Johness, and Mr. Charbonnet each furnished serious and valuable consideration for the note. It is quite likely that the Kenner Vegetable Farms, Inc., did not furnish any consideration to the Reliance Finance Corporation, Inc., for signing the note, as its president testified, because it appears that the officers and directors of both corporations were the same individuals and handled that matter as they pleased. But, even though the holder of the note knew that the defendant was merely an accommodation maker of the note at the time he purchased it after maturity, the accommodation maker is liable to the holder for value. See section 29 of Act No. 64 of 1904, supra.

We conclude that the final defense of want or failure of consideration is likewise unfounded, and that the judgment of the trial court is correct.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

WESTERFIELD, J., absent, takes no part.