## DAVISON v. ERNST.
### No. 16110.

Court of Appeal of Louisiana. Orleans.
Nov. 4, 1935.

Wm. H. Talbot, of New Orleans, for appellant.

A. Melville Wolfson, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, alleging himself to be holder and owner for value before maturity, sues to recover the amount represented by three promissory notes. Defendant in his answer denies that Davison is the holder and owner for value before maturity, and makes the following allegation:

"* * * That he made certain rent notes to Elizabeth O'Keefe and states that said notes were turned over by her to Leon F. Davison for lack of consideration for the purpose of suing Charles E. Ernst, who had a just and valid claim against said Elizabeth O'Keefe; said Charles E. Ernst being forced to remove himself from said premises for reasons well known to said Elizabeth O'Keefe, wherein he has (as) tenant was unable to occupy the premises rented; that as a result of his removal and the circumstances surrounding same, she has assigned said notes to said Leon F. Davison who has sued in his name but in truth and in fact is not the owner thereof and that said notes were rent notes and said Charles E. Ernst was forced to move from the premises before the expiration of the month of June, all of which was well known to said Elizabeth O'Keefe and her attorney Arthur J. O'Keefe and Leon F. Davison."

When the matter came up for trial in the court a qua, plaintiff took the witness stand and counsel for the defendant sought, on cross-examination, to interrogate him concerning his acquisition of the notes in an effort to establish the alleged fact that Elizabeth O'Keefe had merely turned the notes over to him for suit to prevent defendant from setting up a defense which he claimed to have against the said Elizabeth O'Keefe. Thereupon, counsel for plaintiff objected to any evidence tending to establish this fact on the ground that the pleadings did not authorize the taking of testimony on that issue.

This objection was sustained, and defendant was not permitted to attempt to elicit testimony in support of the defense referred to in the above-quoted allegations of the answer. There being no other defense, judgment was rendered for plaintiff, as prayed for. Defendant has appealed.

Plaintiff concedes that if his acquisition of the notes can be shown to have taken place after maturity, or if it can be shown that he is not in truth the owner of the notes, defendant, in resisting payment, may interpose any defense which he may have had against the original owner of the notes, provided he has sufficiently alleged the details of that defense. But plaintiff contends that before defendant can question his status with regard to the notes he must allege not only that he has a good and valid defense against the original owner, but that he must allege in detail the facts on which he bases that defense. Here it will be noted that, although defendant in his answer alleges that he has a defense which he could have urged against Elizabeth O'Keefe, he does not allege the facts on which he bases that defense.

Counsel for defendant concedes that he has not alleged in detail the facts which he would have relied upon had the suit been brought by the original holder of the notes, but he maintains that all that is necessary to permit him to inquire into plaintiff's status with regard to the notes is a denial that plaintiff is owner for value before maturity, and an allegation that there is a defense which could be urged against the real or original owner.

In the jurisprudence of this state there are numerous cases, many of which are so nearly similar as to create in the mind of the casual reader the impression that the question has been definitely settled. However, we are unable to find that but one of the cases squarely holds that such a defense as is sought to be made here must be pleaded in detail unless and until the status of the plaintiff with reference to the note sued on has been first settled. The latest case which we find approaching the point at issue is Quick v. Littlejohn, 156 La. 369, 370, 100 So. 531, 532. There is found the following:

"The remaining ground of defense is that plaintiff is not the owner of the notes. Under the pleadings, defendant is without interest to tender this issue. Plaintiff's title cannot be contested on its bare denial. Defendant alleges neither fraud, bad faith, loss of instruments, nor that he has a valid defense which he could set up against any other person whomsoever which would not be available against the plaintiff."

We direct attention to the fact that it is not stated that the defendant, in such situation, must allege the details of the defense which could have been urged against the true holder, but merely that, in the case under discussion, the defendant did not allege "that he has a valid defense which he could set up against any other person whomsoever." Whether the court intentionally made the distinction between alleging the facts of a defense and alleging that there is a defense, we are unable to say, but an examination of the original record in that case discloses that the answer contained no reference, specific or general, to a defense as against the true owner.

In Scionneaux v. Waguespack et al., 32 La. Ann. 283, is found a similar situation, and there again the court may be said to have intimated that all that is necessary to inquire into the status of plaintiff as to the ownership of the note sued on is to suggest that there is a defense against the true owner. The court, on page 288, of 32 La. Ann., said:

"It is not suggested that any defenses could be made against these notes in the hands of any person, whomsoever."

In Peyroux et al. v. Davis, 17 La. 479, the court again fails to say that the defendant must allege the details of the defense of which he claims to have been deprived by the alleged simulated transfer. On page 481 of 17 La. appears the following:

"It is now too well settled to be again questioned that on a simple allegation that the plaintiff is not the owner of the instrument sued on, such inquiries cannot be gone into. The defendant must aver (which he has not done here) that he has a good defence against the real owner, otherwise whether the plaintiff is the owner or not, is a fact which cannot avail him."

In Zapata v. Cifreo et al., 26 La. Ann. 87, we find another case in which, again, the language used may be taken as requiring that a defendant in such case as this need only allege that he apprehends that the alleged fictitious transfer of the note

may deprive him of an equitable defense which, but for the transfer, he could have urged. On page 88 of 26 La. Ann. appears the following language:

"There are exceptions to the general rule where the defendant has equitable grounds of defense of which he apprehends an attempt is made to deprive him by an assignment which is not bona fide."

Abat v. Wiltz, 14 La. 448, likewise evidences the failure of the Supreme Court to definitely hold that the detailed facts of such a defense must be alleged before the ownership of the notes or the status of the plaintiff can be inquired into. In that case defendant denied plaintiff's ownership of the note sued on and sought by interrogatories to elicit from plaintiff information as to his true status with regard to the notes. Defendant failed to answer the interrogatories. The court said:

"Plaintiff's silence, on the interrogatories put to him to prove his want of interest, authorized defendant to make out any just defence he might have had against Millaudon; this he has not done."

We cannot determine from the decision itself whether the answer of the defendant set forth the defense in detailed allegations, though a reading of the opinion indicates that the court was of the view that the defendant, having denied plaintiff's status as owner, could inquire into it and could set up any defense which might have existed against the true owner.

In Lapice v. Lapice, 21 La. Ann. 226, the court used language ambiguous, in that it did not definitely declare whether the defense must be set forth in detailed allegations. There we find the following:

"They have not alleged they have a defense as against the husband, and we conclude they have none."

Note, again, that the court did not say they have not alleged a defense which would be good against the husband, but merely that they have not alleged "that" they have a good defense.

In Banks v. Eastin, 3 Mart. (N. S.) 291, is found language which is later quoted with approval in many of the subsequent decisions to which we have referred, and which language does not declare whether the defense which would have been relied upon had the suit been brought by the original owner must be set forth in detail until the status of the plaintiff has been determined.

So far as we can ascertain, there is only one reported case in this state in which it is held that a defendant in such a suit cannot question the status of the possessor of the note unless he also, at the same time, alleges the details of a defense which might be set up against the original owner of the instrument. That one case is Wood & Roane v. Wood, Gunby's Dec. (Second Circuit) page 16, in which the court said:

"Defendant has no right to attack the title of plaintiffs to the notes sued on, which are payable to bearer, unless he allege and show defenses against the true owner."

This appears to be a statement that the defense itself must be pleaded and that it is not sufficient that it be alleged that there is a defense. But as supporting that conclusion the court relies on two cases: Ricard v. Harrison, 19 La. Ann. 181, and Spears, Liquidator, v. Spears, Administratrix, 27 La. Ann. 642. Neither of the cases relied on is authority for the view that such a defense must be set forth in detail in order to permit inquiry into the status of plaintiff with regard to the instrument sued on.

A reading of many other cases fails to throw light on the subject. We cite, however, Shaw et al. v. Thompson, 3 Mart. (N. S.) 392; Klein v. Buckner et al., 30 La. Ann. 680; Hunt v. Stone, 19 La. Ann. 526, and King v. Jung, 9 Orleans App. 23. In each of the last two cases cited the details of the defense were specifically alleged and in both it was held that the proof adduced did not sustain the defense, so that neither is authority for the proposition that the defense might have been resorted to in the absence of specific allegations.

In spite of the fact that the language used in most of the cited cases is susceptible of being interpreted as declaring that it is not necessary for a defendant who challenges the status of the alleged owner of the note sued on to do more than make a general allegation that he has a defense against the true owner, or which could have been urged against the original owner, we reach the conclusion that it was not the intention of the various courts which rendered those opinions to so hold.

■ Where the maker of a note is sued thereon and seeks to avoid liability by setting up some defense which' would have been available to him as against the original owner of the note, there can be no doubt that the burden is upon him, the maker of the note, to establish that defense. If so, then the duty is on him to allege facts sufficient in detail to warrant the introduction of evidence in support thereof. The allegations which we find here are in no sense specific. They are vague and general and would not have put any one on notice or on guard as to what was to be testified to.

■ Even if it may be assumed that it can be shown that plaintiff is not the true owner of the note, there is nothing which prevents him from appearing as the holder. If so, then the suit may be proceeded with and defendant may be permitted to establish any defense permissible against the true owner. But although he may have an equitable defense against the true owner, he has made no allegations which are susceptible of proof. Therefore, no good can come of permitting him to show that the present plaintiff is merely a party interposed because the defense sought to be made, not having been properly pleaded, cannot be availed of even against the true owner.

■ The same is true even if it be shown that plaintiff, although the owner of the notes, acquired them after maturity. If so, then defendant might interpose against him any defense which he could have set up against the original owner. But, as we have already said, he cannot introduce evidence even as against the original owner because his allegations are too general to permit of proof.

Nor do we think that the main issue in the case is the truth or falsity of plaintiff's allegation that he is "the last holder and owner for value before maturity." Defendant seems to contend that this is the first issue and that he need not raise any defense until that issue is determined; in other words, that since that allegation has been challenged, plaintiff is under the duty of proving it and that, if he fails to prove it but proves that he is suing either for the real owner, or that he himself is owner, but that he acquired the notes after maturity, then the defendant, by supplemental answer, may raise such issue as he cares then to present. But before defendant may be heard to raise the question of the ownership of the notes at all, he must show that he has a good defense against some one and he cannot show that he has a good defense against any one at all, unless he alleges facts upon which he relies, and such allegations must be sufficiently in detail to permit of proof and to put plaintiff on his guard. Obviously, the allegations do not do this.

■ A judgment rendered against defendant in favor of the possessor of the notes would afford ample protection to him. All of the cited cases so hold, and article 2145 of the Civil Code so declares.

The objection to evidence was properly sustained. Since no other defense was interposed, the judgment appealed from is correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed, at the cost of appellant.

Affirmed.