ELLIS, Judge.
This is a suit by plaintiff as the holder in ■due course and for a valuable consideration of a promissory note in the amount of $175 signed by the defendant, Jack Minck-ler, and Louis Gates1 and endorsed by the same two parties, however, the suit is filed only against Minckler. It was shown that Louis Gates, prior to the filing of the suit, had entered the Army and was. stationed in Keesler Field, Biloxi, Mississippi.
It is admitted by both parties that Minck-ler was an accommodation party to the note but Minckler contends that he is only an accommodation endorser and not a maker. In furtherance of this contention and defense Minckler contended that as an accommodation endorser he had been released by the plaintiff’s statement to him that Gates had made other arrangements to pay the note and that he was no longer liable and that he, the defendant, could have collected the note from Gates who was working for him had he not been misled by the plaintiff’s statement.
There was judgment below i,n favor of the plaintiff as prayed for and the defendant has appealed and the plaintiff has answered the appeal asking for damages for a frivolous appeal.
There is no question but that the instrument itself shows that the defendant signed both as maker and endorser, and we are of the opinion that he is an accommodation maker and under the law has the same obligation as the maker who receives value, and can only be relieved by a discharge of the instrument itself. 8 A.J. pg. 209; 11 C.J.S., Bills and Notes, §§ 739, 748, 752, pages 289, 309, 321; LSA-R.S, 7:29 and 7:60.
The Court of. Appeal in the case of Charbonnet v. Reliance Finance Corporation, 143 So. 104, 105, in discussing an accommodation party to a note stated:
“In reference to the point that the defendant was an accommodation surety and that, as the holder- of the note gave an extension of time for payment without defendant’s consent, it was thereby released from liability, we believe it is sufficient to say that the evidence shows that the defendant was an accommodation maker of the note sued upon, but not an accommodation surety. Section 29 of the negotiable instru *892 ment statute of this state, Act No. 64 of 1904, reads as follows:
“ ‘Sec. 29. An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at. the time of taking the instrument knew him to be only an accommodation party.’
“While it is true that giving an extension of time for payment by the holder to the maker without the consent of the accommodation indorser releases the indorser from liability, counsel for defendant has not pointed out any case where this rule has been extended to an accommodation maker. In the absence of. authority to the contrary, it would appear to us that the accom-.. modation maker of a note is in the same position as an ordinary maker of a note, and cannot complain if an extension of time has been granted, unless there would be some ground of estoppel showing that his rights had been prejudiced by such action on the part of the holder.”'
In the present case the defendant was an accommodation maker and there is no proof that his rights had .been prejudiced by any action on the part of the holder of the note. . .
Even should we consider the-defendant- as an- 1 accommodation indorser only, he has failed to prove his special defense of discharge by virtue of the plaintiff’s actions. Defendant in his brief admits as much when he states, “It was a virtual stand off as to the affirmative defense, thus the presumption of the note prevailed.” i The defendant is stressing on appeal “The obvious necessity of-getting Gates' testimony.”- It is shown that Gates was in the Army at Keesler Field and counsel for defendant thought that he would-.come home on leave-so' that he could be summoned or. that he would come voluntarily to testify in. the case. He did' neither. There was ample time for either party. desirous of obtaining Gates’ testo mony to have done so. •
As to the request by the appellee for damages for a frivolous appeal, it is clearly shown that the judgment of the Lower Court must be amended insofar as the interest allowed on the note is concerned. The judgment of the lower court awarded interest from June 1,- 1951. The note by its own terms of installment payments of $35 a month beginning June 1, 1951 without an acceleration clause did not mature until five months after June 1, 1951 or until October 1, 1951, and interest could only be awarded beginning October 1st, 1951. '
The judgment of the City Court of Bo-galusa is hereby amended to that extent and as amended is affirmed.