TAYLOR, Judge.
This is an appeal from a judgment rendered solely against defendant-appellant, Mrs. Gloria D. Gerald for the balance due on the following promissory note:
“$3600.00 New Orleans, La., April 19, 1961 on demand after date for value received _ promise to pay to the order of Allen B. Cambre Thirty Six Hundred and no/100 Dollars at_ With interest after_at the rate of none per cent per annum and if not paid at maturity and collected by an attorney or by legal proceedings, an additional sum of ten per cent on the amount of this note as attorney’s fees.
Paul T. Marchand
No. 6650 Due Gloria D. Marchand”
At the time the note was executed, Mrs. Gerald was married to the co-defendant, Paul J. Marchand. Both signed the note on the reverse side before giving it to the payee, who is the plaintiff in this action.
Marchand subsequently made three payments on the note totaling $160.00, the first payment being in February, 1966, the last payment being made on April 4, 1968. Suit was filed on July 2,1968.
The questions to be resolved are whether plaintiff’s claim against Mrs. Gerald has prescribed and secondly what effect if any must be given to Mrs. Gerald’s endorsement on the reverse of the note.
When a note is payable on demand, prescription runs from the date of execution of the note. State ex rel. Sunseri v. Thoman, La.App., 135 So.2d 791 (1961); Holstead v. Lewis, La.App., 160 So. 834 (1935). Since suit was filed over five years from this date, plaintiff’s claim would have prescribed under LSA-C.C. *75 art. 3540, unless prescription was interrupted.
As the makers, the parties undertook a joint obligation, and each was therefore liable only for one-half of the total indebtedness. LSA-C.C. art. 2080. Mr. Marchand and Mrs. Gerald are not solidarily liable for the payment of the balance due on the note as has been argued. As a general rule, an obligation in solido is not presumed but must be expressly stipulated, except where provided for by operation of law. LSA-C.C. art. 2093. This principle also applies to promissory notes. Industrial Loan Company of Monroe v. Noe, La.App., 183 So. 175 (1938). While the particular words “in solido” do not necessarily have to be used, there nevertheless must be clear evidence of an intent to be bound in solido. See 25 Tul.L.Rev. 217, 228 (1951). We find this intent was not proven.
Furthermore, under LSA-R.S. 7:17(7) the parties would have been bound in solido had they written “I” in the blank preceding “promise to pay”, but they did not do this. However, plaintiff contends that since the holder has authority to complete the blanks in an instrument wanting in any material particular, he was given the option to impose solidary liability. We do not agree, for the record contains no evidence that he was given such authority, and he in fact did not exercise the claimed authority.
We therefore conclude that the parties were not bound in solido as makers.
Plaintiff further contends that the signing on the reverse side rendered the parties solidarily liable as endorsers in blank under the provisions of LSA-R.S. 7:68; which reads as follows:
“As respects one another, indorsers are liable prima facie in the order in which they indorse; but evidence is admissable to show that as between or among themselves they have agreed otherwise. Joint payees or joint indorsees who indorse are deemed to indorse jointly and severally.”
Endorsees are persons to whom a note has been endorsed. If an endorsee wishes to further transfer the note, he must then himself endorse, and Section 68 prescribes liability on this endorsement under certain circumstances. Defendants in this case were never endorsees, and Section 68 is therefore not applicable to their endorsement.
Since the parties are not solidarily liable as either makers or endorsers, the obligation of Mrs. Gerald to pay her one-half of the face amount of the note has prescribed since she has made no payment within the requisite five year period. However Mr. Marchand’s obligation has not prescribed as his February, 1966 payment interrupted prescription. The question therefore to be decided is what liability, if any, Mrs. Gerald has incurred by her endorsement of Mr. Marchand’s obligation.
When Mrs. Gerald endorsed this note in blank before delivery to the payee, she was already the maker and primarily liable for one-half of the face amount of the note, although not liable in solido with the other maker. The endorsement rendered her secondarily liable for her husband’s portion of the note. Payment on a note by a maker interrupts prescription as to an endorser becattse an endorser’s liability exists as long as the original maker has a legal obligation to tender payment on demand to the holder of the instrument. LSA-R.S. 7:66. This passage of LSA-R. S. 7:66 legislatively alters the prior jurisprudence that unless a maker and endorser were solidarily liable, interruption of prescription as to one would not interrupt prescription as to the other. If the defendant’s husband had secured an extension of time or any other variance in the terms of the note without the endorser’s permission, then the endorser would be relieved from responsibility to respond upon the maker’s default. This however is not the case.
*76 We believe that the legal effect of the signatures on the reverse side of the note is to make each defendant an accommodation endorser for the other’s joint obligation to pay one-half of the face amount of the note. LSA-R.S. 7:29; Galloway v. Minckler, La.App., 63 So.2d 891 (1953). LSA-R.S. 7:63 provides as follows:
“A person placing his signature upon an instrument otherwise than as maker, drawer, or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.”
We find that Mrs. Gerald intended to become an endorser to insure that her husband would pay his portion of the joint obligation. Otherwise her signature on the reverse of the note would have been a vain and useless thing since it was not needed to negotiate the instrument.
Since Mr. Marchand has interrupted prescription as to himself by his several payments, Mrs. Gerald is legally responsible for the amount owed by him in her capacity as an accommodation endorser. However as stated before there can be no recovery against her for her one-half of the amount of the note as co-maker as five years has elapsed without a suit having been filed.
In accordance with the above reasons the judgment of the trial court is reversed, and the plea of prescription is maintained dismissing plaintiffs suit as to Mrs. Gloria D. Gerald as co-maker of the said note. There will be judgment in favor of plaintiff Allen B. Cambre, and against Mrs. Gloria D. Gerald in the full sum of $1,800.-00 less $160.00, the amount paid by her husband, or a total of $1,640.00 with legal interest from date of judicial demand until paid and for attorney’s fees in the amount of ten per cent.
Each party to bear their own costs.
Reversed and rendered.