155 So. 396

## BELKNAP HARDWARE & MFG. CO. v. HEARN et al.

### No. 32442.

May 21, 1934.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

ROGERS, Justice.

This is a suit by the Belknap Hardware & Manufacturing Company on a promissory note for $5,000, made by the Ouachita Hardware & Furniture Company, Inc., to the order of plaintiff, due twelve months after date, and indorsed by the five defendants. Plaintiff alleges the bankruptcy of the maker of the note, and the suit is brought against the indorsers alone. Defendants answered admitting the execution of the note and indorsement, but alleging the note was delivered to plaintiff as a collateral obligation to obtain for the maker an additional line of credit in the sum of $5,000, and that plaintiff had failed to carry out its agreement. Defendants charged that as a result of plaintiff's refusal to comply with its obligation, the maker of the note was forced into bankruptcy, causing serious loss to the indorsers, who were stockholders and directors of the corporation, and defendants reconvened for damages in a large amount. The court below rejected both demands, and plaintiff has appealed from the judgment.

The question presented is strictly one of fact, which the trial judge has resolved in favor of the defendants. Our examination of the record has failed to satisfy us that he erred in so doing. It is admitted by the parties that the note sued on is a collateral note. Defendants' witnesses testified the note was

executed and delivered to plaintiff as a collateral obligation for an additional line of credit of $5,000. Plaintiff's witnesses testified to the same effect, but they also testified the note was to serve additionally as a collateral obligation to secure the prompt payment of fifteen promissory notes executed by the Ouachita Hardware & Furniture Company, Inc., for various amounts, payable monthly and delivered to plaintiff about the time the collateral note was executed. Defendants' witnesses deny the collateral note was delivered to plaintiff to secure the payment of these monthly notes.

The record discloses that the Ouachita Hardware & Furniture Company, Inc., originally enjoyed with plaintiff an open line of credit of $5,000. At the time the note sued on was executed, plaintiff was the largest creditor of the Ouachita Hardware & Furniture Company, Inc., which was indebted to plaintiff in the sum of approximately $5,000. The fifteen monthly notes were apparently executed to evidence the indebtedness of the maker to the payee and to facilitate its discharge. We can conceive of no good reason why, if it were the intention of the parties that the defendants should be liable on the monthly notes, they should not have evidenced their liability by indorsing those notes instead of indorsing the collateral note. That would have been the simpler and more effective means of accomplishing the desired result. We prefer to accept, as did the trial judge, defendants' version of the agreement as being more in consonance with the probabilities of the occasion. Plaintiff, as the largest creditor of the Ouachita Hardware & Manufacturing Company, Inc., was clearly desirous that its debtor should remain in business,

thereby greatly increasing its chances of obtaining payment of the amount then due, which payment was to be made in monthly installments as evidenced by the notes of the debtor. But in order that the debtor could continue as a going concern, it was necessary it should enjoy a certain line of credit, which plaintiff was willing to extend, if some security was given therefor. Defendants, as officers and directors of the debtor corporation, were willing to bind themselves as such security, and they accordingly indorsed the note herein sued on for that purpose. Plaintiff shipped the Ouachita Hardware & Manufacturing Company, Inc., goods to the value of approximately $2,300, and then discontinued its shipments because of the financial condition of its debtor. But plaintiff was well informed as to the affairs of the Ouachita Hardware & Manufacturing Company, Inc., at the time the agreement was made, and there was no reason why it should not have carried out that agreement, which was the consideration for the note herein sued on.

As the note sued on was delivered to plaintiff in consideration of plaintiff's promise to extend to the maker a line of credit of $5,000, and as plaintiff has failed to perform its part of the agreement, plaintiff cannot recover on the note.

On the trial of the case, plaintiff objected to the admission of parol evidence to vary, alter, or contradict the terms of the note. The objection was overruled, and plaintiff assigns as error the ruling of the trial judge. We find no merit in plaintiff's complaint. Article 2276 of the Civil Code and the authorities cited by plaintiff holding that written contracts are not subject to modifica-

tion by parol evidence are inapplicable to the issue presented in this case. Negotiable paper is governed by laws peculiar to itself. The want, failure, or illegality of consideration may be established by parol testimony between the parties to a note. Grieve v. Sagory, 3 Mart. (O. S.) 599; Griffin v. Cowan, 15 La. Ann. 487; Reeve v. Doughty, 19 La. Ann. 164. See, also, section 28 of Act No. 64 of 1904 (The Negotiable Instruments Law).

For the reasons assigned, the judgment appealed from is affirmed.