### GOLDSMITH v. PARSONS. *
### No. 14674.

Court of Appeal of Louisiana. Orleans.
Oct. 15, 1934.

For former opinion, see 154 So. 68.

J. L. Warren Woodville, of New Orleans, for appellant.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellee.

WESTERFIELD, Judge.

We granted a rehearing in this case because in the application for rehearing our attention was called to the case of Commercial Bank of Lafayette & Trust Co. v. Barry, 179 La. 684, 154 So. 736, decided April 23, 1934. The holding in that case, it was claimed, and our first impression was with some plausibility, that it was contrary to our views as expressed in our original opinion.

During the argument on rehearing we were also referred to Belknap Hardware & Mfg. Co. v. Hearn et al., 179 La. 909, 155 So. 396, decided May 21, 1934. After considering both of these cases very carefully, our understanding of them is to the effect that: "The want, failure, or illegality of consideration may be established by parol testimony between the parties to a note. Grieve's Syndics v. Sagory, 3 Mart. (O. S.) 599; Griffin v. Cowan, 15 La. Ann. 487; Reeve v. Doughty, 19 La. Ann. 164. See, also, section 28 of Act No. 64 of 1904 (The Negotiable Instruments Law)." Belknap, etc., Co. v. Hearn, supra. In holding as we did in our original opinion that the maker of a note could not show by parol testimony a contemporaneous agreement which differed materially from that expressed in the note, we do not believe we were stating any view which is at variance with the cited cases. Defendant's purpose in offering the testimony, which we have held to be inadmissible, was, as stated by his counsel, to show that there was a contemporaneous collateral agreement whereby "the defendant would make a trial of his financial ability to continue to carry beyond the first year a policy of life insurance amounting to $50,000. To make that experiment it was agreed that such a policy would be delivered and that, instead of paying the first year's premium, he would give a note payable in nine months for the full amount of the premium. It was further agreed that if the experiment failed and defendant found that he could not continue such a policy he would not be entirely relieved of all obligation to pay, but that he would pay

*Writ of certiorari granted Nov. 26, 1934.

such sum as the plaintiff's husband might be called upon to disburse to the insurance company."

We do not see how it can be said that the effect of this evidence would be to establish a want or failure of consideration for the note, which was given for $1,757.75, the first premium on an insurance policy of $50,000. The consideration for which the note was given, it seems to us, was the protection of the policy for the year that it was in force. The suggestion that the maker of the note might pay a lesser sum does not affect the consideration of the note, but clearly involves another and a different agreement, or a modification of the written contract as expressed in the note.

For the reasons assigned, our original decree is reinstated and made the final judgment of this court.

Original decree reinstated.