• JANVIER, Judge.
This is an attempt to enjoin foreclosure proceedings on the ground that no consideration was given for the mortgage note on which the foreclosure proceedings were instituted.
Eddie Keller, administrator of the Estate of Flavin Keller, instituted executory proceedings against Mr. and Mrs. Joseph Rod-rigue. The mortgage note is in the sum of $510. It is made payable to the order of the makers of the note and is endorsed by them and is secured by mortgage by authentic act executed before Irby T. Bau-doin, Clerk of the Twenty-Fourth Judicial District Court for the Parish of St. Charles and Ex Officio Notary Public. The mortgaged property was duly seized and advertised for sale.
Prior to the date set for the sale, the makers of the mortgage note filed a petition in which they stated that they had executed the note and the act of mortgage, but in which they alleged that “there was no consideration whatever for the said note”. They prayed that the executory proceedings be enjornea.
A temporary restraining order was issued and the matter went to trial on the application for a preliminary injunction. Judgment was rendered recalling and annulling the restraining order and dismissing the suit for injunction. The matter is now before us on devolutive and suspensive appeal.
Tine sole question before us is whether parol evidence may be admitted for the purpose of showing that no consideration was given for the mortgage note.
It will be noted at the outset that there is no charge of fraud or error and that the petition for injunction contains an admission that the note and the authentic act of mortgage were executed by the plaintiffs in injunction. The sole charge on which the injunction is asked is that no consideration was given for the note.
It is maintained on behalf of plaintiffs in injunction that, as between the original parties to a negotiable instrument, the defense that there was no consideration may be proven by parol and that this is true even where there is involved a note identified with a mortgage by authentic act. As supporting this contention, counsel cite Rogers in Belknap Hardware & Mfg. Co. v. Hearn et al., 179 La. 909, 155 So. 396, 397, in which appears the following: “Article 2276 of the Civil Code and the authorities cited by plaintiff holding that written contracts are not-subject to modification by parol evidence are inapplicable to the issue presented in this case. Negotiable paper is governed by laws peculiar to itself. The want, failure, or illegality of consideration may be established by parol testimony between the parties to a note. Grieve’s Syndics v. Sagory, 3 Mart., O.S., 599; * * * Reeve v. Doughty, 19 La.Ann. 164. See, also, section 28 of Act No. 64 of 1904 (The Negotiable Instruments Law.)”
We at once note two grounds on which that case may be distinguished from the case at bar. In the first place, in that case there was no authentic act with which the note was identified, and in the second place the contention there was not that there had not been consideration originally, but merely that, though there had been consideration originally, there had later been a failure of consideration. Counsel for the Estate of Keller, plaintiff in the foreclosure proceedings here, declare that the proper rule as to the right to introduce paról evidence in a suit to enjoin executory proceed *835 ings where there is an authentic act is clearly set forth in Unity Industrial Life Ins. Co. v. Dejoie et al., 202 La. 249, 11 So.2d 546, 549, in which the Supreme Court restated the rule by quoting the following from Franton v. Rusca, 187 La. 578, 175 So. 66: “It is the well-settled and unbroken rule of law in this state that, in the absence of any allegation of fraud or error, conditions, and stipulations beyond those expressed in an authentic act, and what may have been said before, or at the time of, or since the execution thereof, can be proven only by means of a counter-letter or by the use of interrogatories on facts and articles. (Citing numerous decisions of this court.)”
The rule that, where there is an authentic act, parol evidence may not be introduced unless there is an allegation of fraud or error, is based on Articles 2236 and 2276 of the Civil Code, which two Articles read as follows:
(Article 2236) “The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
(Article 2276) “Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
In Unity Industrial Life Ins. Co. v. Dejoie et al., supra, the Supreme Court recognized the exception to the rule, which exception comes into existence when there is an allegation of fraud or error. The court said: “* * * there is an exception- to this General Rule, which exception has been repeatedly recognized by this court, the exception being that, where a party to an authentic act alleges that he executed it through fraud or error, he is permitted to introduce parol testimony to support such allegations.”
In that case the Supreme Court approved the introduction of evidence, but it did so only because the plaintiffs in injunction made it “plain by their allegations as a whole that they executed the mortgage through error and fraud.”
Here there is not one word in which it is charged that there was fraud or error and not one word to show why the note and mortgage were executed if no consideration was passed.
Counsel for plaintiffs in injunction believe that their contention that oral evidence may be considered is supported by the decision of the Supreme Court in Phillips and Spencer v. W. T. Adams Machine Company, 52 La.Ann. 442, 27 So. 65, 66.
But in that opinion the distinction between that case and this is clearly set forth. There the court said: “We do not understand the plaintiffs in injunction as setting up an original want of consideration. On the contrary, we think the plain meaning of the petition is, that there was a consideration for the notes when they were given, which consisted of the obligation assumed by the machinery company to deliver certain machinery upon certain conditions Hi H<
The court pointed out clearly that where there is a charge that there was no original consideration for the note, this charge comes in conflict with and is contrary to the terms of the note and of the authentic act with which it is identified and that this is not to be permitted. But the court said that, where it is conceded that there was consideration when the note was given, but that there was a subsequent failure of consideration, this is not necessarily a contradiction of the terms of the note or of the authentic act and that, therefore, it may be proven by parol. We again quote: “It is very clear to us that the failure of the payee of a note to fulfill the obligation which constitutes the consideration for which the note was given extinguishes, in a legal manner, the obligation of the maker of the note' to pay it. If, as the defendant’s counsel assume in the brief filed by them, the injunction had issued upon the allegation that there was an original want of consideration for the notes, their position would be stronger, and the authorities cited by them pertinent; for such an allegation would come in direct conflict, not only with the presumption arising from the existence and possession of the notes, but with the acknowledgment to the contrary witnessed by the authentic act of mortgage, and could only be entertained when coupled with an allegation of error or fraud.”
This case is authority for the view that where an attempt is made to enjoin foreclosure proceedings on a note secured by authentic act, and the attempt to enjoin is based on the charge that there was no original consideration for the note, *836 parol evidence is not admissible unless there is a charge of fraud or error. Since there is no such charge here, the evidence was not admissible.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.