185 So.2d 95 (1966)
Billy J. PALETOU
v.
Etta Katz SOBEL.
No. 2164.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1966.
*96 McCloskey & Dennery, John M. Page, New Orleans, for plaintiff-appellee.
James J. Morrison, New Orleans, for defendant-appellant.
Before SAMUEL, CHASEZ and BARNETTE, JJ.
BARNETTE, Judge.
Plaintiff brought suit claiming to be a holder in due course on four promissory notes, due on demand, executed by defendant on various dates between February 2, 1960, and June 26, 1962. The notes were all paraphed for identification with authentic acts of mortgage given on various parcels of real estate in which the defendant had an interest. Plaintiff prayed for judgment for the principal amount, totalling $16,313.33 on all four notes, plus interest and attorney's fees as specified in the instruments, and for recognition of the mortgages securing the note.
The suit was filed January 28, 1964, and defendant answered on May 21, 1964, denying the allegations of the petition. The case was called for trial on these pleadings on April 14, 1965. Plaintiff offered the various notes and acts into evidence and testified that they had been given to him for suit. On cross-examination, defendant attempted to inquire further into the manner in which plaintiff had come into possession of the notes. When plaintiff's counsel objected, counsel for defendant explained to the court that he was trying to establish that plaintiff was not the proper party to sue on the notes and that there was a failure of consideration for the notes. The court maintained the exception, but continued the trial to permit defendant to amend her pleadings to allege affirmative defenses.
On April 19, 1965, defendant filed an exception of no cause or right of action, alleging that plaintiff was not the owner or holder of the notes. Defendant further alleged that plaintiff was merely a party interposed to deprive defendant of defenses she might have against the true owner of the notes. At the time of filing the exception defendant also filed an amending and supplemental answer alleging that plaintiff was not a holder in due course and that "there was an absence or failure of consideration between the maker of the notes and the original holder or holders thereof."
When the trial resumed on May 5, 1965, the court overruled defendant's exception but permitted its allegations to be raised in the defense. Thus the questions put in issue were referred to the merits. Counsel for defendant resumed cross-examination of plaintiff who then testified that the notes were given to him by his uncle, J. Wallace Paletou, with instructions to take them to an attroney to file suit. Plaintiff rested his case on the notes and his own testimony.
Defendant then testified on direct examination that the notes were given by her to Edward A. Parsons, her attorney in various suits in which she was involved. When counsel questioned defendant about the agreement she had with Parsons, plaintiff objected on the ground that parol evidence was not admissible to vary the terms of the authentic acts which were in evidence and which defendant had admitted signing. After lengthy argument the objection *97 was sustained. During the argument on the objection, counsel for defendant sought permission of the court to further amend her answer to allege fraud. This motion was denied.
The only other evidence introduced at trial pertained to a check for $1,250 which defendant testified had been given in part payment of one of the notes. Defendant was permitted to amend her answer instanter to show the payment or offset. Judgment was rendered for plaintiff for the full amount as prayed but allowing for the payment which defendant had made. Defendant has appealed devolutively from this judgment.
On appeal, defendant has attacked the judgment on three grounds: (1) that plaintiff had no right to sue on the notes, (2) that parol evidence was improperly excluded and should have been admitted to establish "failure of consideration," and (3) that defendant should have been permitted to amend her answer to allege fraud. We will deal with the contentions in the order listed.
Section 51 of the Negotiable Instruments Law provides:
"The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument." LSA-R.S. 7:51.
If plaintiff was a holder of the notes under the provisions of section 51 he does have a right of action. From our jurisprudence it is plain that plaintiff was entitled to sue in his own name even though he was only given possession for the purposes of collection. Quick v. Littlejohn, 156 La. 369, 100 So. 531 (1924); Klein v. Buckner, 30 La.Ann. 680 (1878); Davison v. Ernst, 163 So. 752 (La.App.Orleans 1935). See 12 Am.Jur.2d Bills and Notes § 1081 (1964). The reason for the rule permitting a mere agent for collection to sue in his own name is apparent in section 51. The suit is on the notes, and once the notes are paid under the judgment rendered in the suit, they are discharged.
The only possible way in which the maker of the notes might have been prejudiced by suit being brought by someone other than the true owner would be that she was deprived of defenses valid against the true owner. But that did not occur here. The defense which she sought to establish, want or failure of consideration, was one which could properly be urged against any plaintiff not a holder in due course. LSA-R.S. 7:28. Defendant was permitted to amend her pleadings to allege her defense, and plaintiff conceded at trial that such a defense was available if it could be shown on its merits by competent evidence. The exception of no cause or right of action was properly overruled, and the judgment on the merits in that regard was correct.
Defendant's problem in establishing her defense on the notes arose partly because of her counsel's confusion of lack or absence of consideration and failure of consideration in one allegation. Lack or absence of consideration occurs when there is inadequate or no consideration at the time the instrument is executed. Failure of consideration pertains to events which occur subsequent to the execution of the instrumentthat is, some failure of the payee to perform the obligation for which the instrment was given. Penn v. Burk, 244 La. 267, 152 So.2d 16 (1963); In re Keller's Estate, 24 So.2d 833 (La.App.Orleans 1946). Both defenses were available, but the type of evidence by which lack or absence of consideration may be shown is limited by the parol evidence rule found in LSA-C.C. arts. 2236 and 2276. The notes on which the suit was brought were all identified on their face with authentic acts, signed by the defendant, which recited in full the agreement between the parties. Defendant cannot rely on parol evidence to vary the terms of the agreement in the absence of allegations of fraud or error. Penn v. Burk, supra; In re Keller's Estate, supra.
*98 The cases on which counsel for defendant relies as supporting authority for his contention that parol evidence was admissible all involve attempts to prove subsequent failure of consideration or to show lack of consideration in cases where the original agreement was not completely reduced to writing. Goldsmith v. Parsons, 182 La. 122, 161 So. 175 (1935), was a suit on a note by the widow of the original holder, an insurance agent. Defendant attempted to show by parol that the note had been given to cover the premium due on a life insurance policy solicited by the original holder with the agreement that he (the maker) was to pay only that which the agent had to advance to the company to cover the first year of the policythat is, the premium less the commission. On appeal, the Supreme Court remanded the case to permit defendant to establish his defense by parol, pointing out that to do so would not have the effect of varying the terms of a written contract. The contract was verbal from the beginning, and the note was only a part of the total agreement. Belknap Hardware & Mfg. Co. v. Hearn, 179 La. 909, 155 So. 396 (1934), which was relied on in Goldsmith, and on which defendant also relies, was discussed and clearly distinguished by this court in In re Keller's Estate, supra. As was pointed out in Keller, Belknap was a suit on a note which was not paraphed for identification with an authentic act, and the defense asserted was subsequent failure of consideration which would not necessarily contradict a written contract had there been one.
Finally, defendant cites as authority Eskew v. Walker, 127 So.2d 210 (La.App.3d Cir. 1961). Although it is clear that parol was admitted there to vary the terms of a note identified with an authentic act and to show lack of consideration, there is no discussion of the admissibility of parol evidence in the report of the case. We cannot accept Eskew as an authority on this point particularly so in view of the clear pronouncements in In re Keller's Estate, supra, and Penn v. Burk, supra.
It appears that, on the pleadings then before the court, the only defense which defendant could have established by her own testimony was subsequent failure of consideration. It is clear from the discussion in the record among counsel and the court that defendant was attempting to show lack of consideration which of necessity would vary the terms of the authentic acts. The objection to the questions was well taken, and the evidence was properly excluded.
In contending that she should have been permitted to further amend her answer to allege fraud, defendant invokes the liberality of pleading rule embodied in LSA-C.C.P. art. 1154. This contention, in view of the procedural facts, would stretch to its limit, and perhaps beyond the limit, the discretion of the court in permitting amendment during trial. The district court had recessed the trial on the merits once before to allow amendment of defendant's answer. After the trial was reconvened, the question of admitting parol evidence to vary the terms of the authentic acts arose. To support his objection to the parol evidence, counsel for plaintiff cited and quoted from In re Keller's Estate, supra. After the quotation from the opinion, the court said that it would admit parol evidence only if fraud were alleged. Whereupon counsel for defendant made the following remark:
"That's what we are going to show. I will amend my pleadings andthat's what it is. That's what we got to show, fraud. I would like leave of Court to amend, to allege fraud and show fraud, * * *."
It is obvious from the transcript of the colloquy among the attorneys and the court that the defense of fraud was seized almost as a "last straw" to avoid the judgment on the merits which was about to be rendered in favor of plaintiff. The court, in refusing the defendant leave to amend, took the position that defendant had already *99 been given ample opportunity to plead the appropriate defenses, and it would not delay the litigation any longer. It is difficult to find fault with the action taken by the district judge; certainly he had afforded defendant every opportunity necessary to plead and present her defenses.
On this appeal defendant is represented by different counsel who has argued in his brief and oral argument, somewhat confusedly, that the trial court should have heard evidence as to fraud. But present counsel intimates fraud, not on the part of the original holder as was suggested by defendant's first counsel at trial, but on the part of the alleged succession representative of the original holder, J. Wallace Paletou, uncle of the plaintiff herein. This allegation of fraud appeared in the case for the first time on this appeal. At trial, previous counsel for defendant stated to the court that he desired to attempt to show fraud on the part of the original holder. This defense was an exception to the parol evidence rule and might have been shown by defendant's testimony if it had been properly pleaded.
Now, on appeal, present counsel seemingly has abandoned any allegation of fraud on the part of the original holder. In his brief he states:
"While there was considerable discussion of fraud in connection with this transaction, such allegations were completely unnecessary and fail either to add or detract anything from this suit, or affect the basic issue of `absence or failure of consideration.' After all no fraud on the part of Attorney Parsons appears in these transactions. It was not Attorney Parsons who claimed a right to enforce these notes at their face value, but apparently his heirs through `Nephew Billy' who is not even related to Mr. Parsons but is a nephew of Parsons' succession executor [alleged to be J. Wallace Paletou]. The fraudif anyis not in the taking and holding of the notes which is all that Mr. Parsons did, but in insisting on enforcing them at their face value rather than for the amount actually remaining due for Mr. Parsons' advances and reasonable attorney's fee.

* * * * * *
"* * * [I]t is suggested that had the District Court heard such evidence, and entertained such defense, the proof would have cleared Attorney Parsons of all suggestion of fraud; may well have established that he acted perfectly properly in taking the mortgage notes as collateral security for his advances and attorney-fee-to-be-earned; and that he never sought to enforce same for their face value, but continued to hold same as collateral security for the balance of his advances and fee remaining due to him; that the Executor of his Succession, finding the notes in his bank-box, and not knowing that they were held as collateral security for a much lesser amount due part of which had already been paid, assumed they were enforcable for their face value and brought suit for their face value, instead of the balance due on the principal obligation for which the mortgage notes were collateral security."
This contention, however, leads right back to the problem of parol evidence. To establish that the notes were not to be enforced at their face value or that they were merely given as security for attorney's fees pursuant to an agreement at the time of their execution between Parsons and defendant clearly requires defendant to contradict the provisions of the authentic acts which she signed.
Since defendant's present counsel has denied any desire to show the fraud which prior counsel was attempting to show, it is difficult for us to understand how he can assign as error the trial court's exclusion of evidence on that point. On the other hand, if present counsel desires an opportunity to show fraud on the part of the present owner of the notes then, as we pointed out above, the trial court could not *100 have been in error since that issue was not raised until this appeal.
This case began as a simple suit on four promissory notes and ordinarily would present no difficulty with the rules of evidence and pleadings which, in such cases, are well defined by our statutes and jurisprudence. However, because of the confusion and inconsistent contentions of defendant's attorneys and their seeming inability to frame the issues concisely, it now appears to us that a situation has developed from which the defendant could conceivably suffer unjustly, even though she might have been able to establish a valid defense.
We can find no error or abuse of discretion on the part of the trial court. We cannot, however, dismiss from our consideration the realization that one or more of the notes in question were given by defendant to her attorney possibly under circumstances which, if fully disclosed, would entitle her to resist paying at least a portion of the sum for which she has been cast in judgment. We wish to emphasize that it is the presence of the attorney-client relationship with all of its fiduciary implications and the substantial sum of money involved which compel our decision to remand this case for further proceedings.
We realize that litigation must come to an end at some point and should not be unduly protracted by repeated delays to permit litigants to amend or add new pleadings when they have had every reasonable opportunity to do so. In this case, however, we believe the ends of justice would most nearly be served by a remand with leave to defendant to put her defense, if any, properly before the court. LSA-C.C.P. art. 2164. We do not mean by this that she is entitled to a relaxation of the parol evidence rule or any other applicable rule of law.
For the reasons stated, the judgment of the district court is annulled and set aside, and the case is remanded for further proceedings consistent with the opinions expressed herein. Defendant-appellant is to pay the cost of this appeal; all other costs are to be assessed in accordance with final judgment on remand.
Judgment annulled and set aside; remanded.