BAILES, Judge.
This appeal arises from the consolidated judgment rendered below in this and the companion suit of X-L Finance Co., Inc. v. Wilson, 217 So.2d 467, No. 7485 on the docket of this Court. While the reasons for judgment are applicable to both suits, separate judgments will be rendered in each case.
In the instant suit brought against C. J. Gregoire, Kenneth D. Wilson and Lois Wilson on a note made by them payable to plaintiff in the amount of $1125.00, a default judgment was rendered against C. J. Gregoire and after trial judgment was rendered in favor of plaintiff and against the remaining defendants in the full amount of the note plus interest and attorney fees. The second suit, number 7485, on a note made by Kenneth D. Wilson in the amount of $3800.00, payable to plaintiff, was decided in favor of the defendant and the plaintiff was dismissed. Plaintiff appealed and assigned as error the refusal of the trial court to grant plaintiff judgment on the $3800.00 note and in condemning plaintiff to pay one-lialf the costs in both suits. Kenneth D. Wilson alone answered the appeal, urging that the trial court erred in finding for the plaintiff on the $1125.00 note in suit number 7484. Thus the only party defendant before us on this appeal is Kenneth D. Wilson. The judgment rendered below is affirmed insofar as it dismisses plaintiff’s demands against the defendant in suit number 7485 and it is reversed insofar as it was in favor of plaintiff and against Kenneth D. Wilson in suit number 7484. The judgment in number 7484 in favor of plaintiff and against Lois Wilson is not before us.
Prior to the time the notes in question were executed Kenneth D. Wilson and Lois Wilson were indebted to plaintiff, XL Finance Company, Inc., in the amount of several thousand dollars. One of the notes representing a portion of this debt was secured by a second mortgage on the Wilson house and lot. Finding himself in financial difficulty, Kenneth D. Wilson filed a petition in bankruptcy and included in his schedule of debts the above noted obligations. He was discharged as a bankrupt on March 25, 1964, but the house and lot were disclaimed or abandoned by the trustee because of the encumbrances. Wilson, in turn, abandoned the property to his mortgage creditors. In order to prevent foreclosure by the first mortgage holder *465 X-L undertook to rent the property or secure a purchaser for it and in the meantime met the installment notes secured by the first mortgage. They did not take title to the property because they did not wish to become liable for the first mortgage. On September 12, 1964, an agreement to purchase was signed by C. J. Gregoire and Kenneth Wilson conditioned upon the ability of Gregoire to obtain a loan. On October 29, 1964, Gregoire and Kenneth and Lois Wilson signed a single payment promissory note in the amount of $1125.00. This note was secured by the second mortgage previously executed. Thereafter, Kenneth D. Wilson executed the $3800.00 note, the amount being the sum of the balances of the debts due to X-L which were discharged in bankruptcy. Gregoire failed to obtain the loan with which to purchase the Wilson property and the first mortgage holder foreclosed, rendering X-L’s second mortgage valueless. These suits were brought on the two notes.
In the suit on the $1125.00 note the defendants Wilson answered admitting their signatures on the note but pleaded the defense of failure of consideration. A similar answer was made by Wilson to the suit on the $3800.00 note together with the additional plea that the debt was discharged in bankruptcy. The trial court concluded that the $1125.00 note was based on a valid consideration and therefore gave judgment against the Wilsons. The $3800.00 note was found unenforceable because, though the debts discharged in bankruptcy were adequate consideration for the execution of the new note, the promise to pay was not “direct, definite and unequivocal.”
At this point a recital of the circumstances immediately surrounding the execution of the two notes is required. After Wilson’s discharge in bankruptcy and disclaimer of his property to the mortgagees, plaintiff became concerned about the security furnished by its second mortgage. XL therefore devised a plan to prevent foreclosure. X-L paid the first mortgage installment notes as they became due, and in order to induce sale of the property certain repairs were made by X-L and, in addition, attempts were made by it to procure a purchaser. C. J. Gregoire indicated his desire to purchase the property and signed an agreement to that effect. Later the note for $1125.00 was executed by Gregoire and the Wilsons. Mr. James B. Tessier, manager of the X-L branch which handled the Wilson account, testified that the note represented the amounts paid by X-L on the first mortgage notes, costs of repairs to the property and incidental costs. Regarding the understanding between the parties to the note and X-L, Mr. Tessier testified on cross examination as follows:
“Q. You did have an agreement worked out with Mr. Gregoire and Mr. Wilson to prevent the first mortgage from foreclosing, isn’t that true?
A. Yes, sir.
Q. And that’s the reason Mr. Gregoire and Mr. Wilson both signed the Eleven Hundred Dollar note, isn’t that true?
A. Yes.
Q. The expectation was that Mr. Greg-oire was going to assume the first mortgage and pay off both the Thirty Eight Hundred Dollar note ?
A. Yes, take the whole house.”
Mr. Wilson testified that he at first refused to sign this note until he had discussed it with his attorney but signed it *466 when “* * * Mr. Tessier told me at that time this note would be held, that it wouldn’t be run through until Mr. Greg-oire’s loan was assured, would pass, and he was going to get the house * *
Several weeks later, on November 17, 1964, Mr. Wilson signed the $3800.00 note. Simultaneously with his execution of this note, Mr. Tessier drafted the following statement:
“To whom it may concern this is to acknowledge that Kenneth D. Wilson has signed a note in the amount of 3,800.00 to the order of X-L Fin. Co. Inc. as a matter of convience (sic) that the property is to remain in Mr. Wilson name but will be rented, sold, and administered by X-L Fin. Co. & being understood that Wilson will sign any papers transferring as requested by said X-L Fin. Co. Inc.
X-L Fin. Co. Inc.
James B. Tessier
November 17, 1964”
His testimony with regard to the import of this statement and the understanding that it embodied was as follows:
“A. As I remember it was this, that the house, we were trying to sell Mr. Wilson’s house for him to satisfy this note.
BY THE COURT:
Q. In other words, if you sold the house you would apply the proceeds, if there was an equity, against the note, is that right ?
A. Right, that’s exactly right, that’s what it was designed' to do.
BY MR. COXE, JR.:
Q. What did it mean “as a matter of convenience” ?
A. That at this time we had had a purchase agreement signed by a — what we thought was a qualified party to buy this house as I remember it.”
Mr. Wilson again testified that when he signed this note he was under the impression that he was not obligating himself personally to pay it. Moreover, Mr. Ash-ton R.' LeBlanc, assistant manager of X-L, testified that it was his understanding that it was not intended that Mr. Wilson would make any payments on either of the notes.
Under these circumstances we find that there was a failure of the consideration for which each of these notes was given. As such we find that the trial court was in error in finding that the two notes were supported by sufficient consideration. Furthermore, we feel there was error in holding the $3800.00 note unenforceable for the reason that Wilson’s promise was equivocal and indefinite. In reaching this latter conclusion the court relied upon several cases, the most recent being Securities Finance Co. v. Marbury, La.App., 180 So.2d 737, dealing with letters written to former creditors by debtors discharged in bankruptcy. In these cases the declarations of the debtor were found to be insufficient to create a new promise to satisfy the discharged debts. We do not find these cases apposite to the facts before us. Here the defendant debtor did more than dispatch letters declaring his willingness to attempt to make good the discharged debts at some future time, he actually executed a promissory note payable to his creditor in the sum of the discharged debts. We find this action direct, definite and unequivocal and sufficient to renew the former obligations in the form of a new promissory note. However, as we have indicated, the consideration on which this note, as well as the $1125.00 note, was based failed to materialize.
*467 Plaintiff, as a mere holder of the ■notes in question, is subject to a defense of failure of consideration. LSA-R.S. 7:28. This defense may, of course, be proved by parol evidence. See Paletou v. Sobel, La.App., 185 So.2d 95 and cases cited therein. As we read this record, Mr. Wilson was induced to execute these notes on the condition that a purchaser for his property could be obtained by X-L and the purchase price would result in enough equity on Wilson’s part to discharge the notes. That is, the notes executed by Wilson were given in return for an agreement by X-L to perform certain functions in relation to the administration of his property, terminating with the creation of a fund from which the notes were to be paid. The nonperformance by X-L of its undertaking or its failure to successfully conclude the undertaking constitutes a failure of consideration. We admit that X-L’s payment of the first mortgage notes and repair of the Wilson property could present a valid consideration for the execution of the $1125.00 note and that the moral obligation which remained after Wilson’s prior debts to X-L were discharged in bankruptcy was sufficient to support a renewal of those debts. We are unable, however, to find that these considerations were the primary consideration for the execution by Wilson of the notes which form the basis of these suits. The primary consideration was the administration by X-L of the Wilson property and the sale of it at such a price as to create in' Wilson an equity sufficient to pay the notes. Inasmuch as the efficacy of the notes was contingent upon a performance which did not take place the demand for payment thereof may be successfully resisted. Pertuit v. Weinberg, La.App., 134 So.2d 652.
Appellant also specifies as error the allocation of costs made by the trial court. As no argument was advanced in support of this specification, we will not consider it.
For the foregoing reasons, the judgment appealed from is reversed as to Kenneth D. Wilson, the only defendant who answered the appeal of X-L Finance Co. Inc., appellant, and there is judgment herein in favor of Kenneth D. Wilson denying and rejecting the demands of X-L Finance Co. Inc., at its costs.
Reversed.