LE SUEUR, Judge.
Plaintiff sues for the balance due on a note given in payment for certain articles of furniture purchased by defendant from third party defendant, Barnett Enterprises, Inc. The trial court granted judgment as prayed for by plaintiff and concurrently dismissed the third party demand. The defendant has appealed.
The authenticity of the note is not challenged and the defendant resists payment solely upon the allegation that there was a failure in consideration, or in the cause of the agreement, which supports the note. Inasmuch as Southern Discount Company, Inc. is, by stipulation, not a holder in due course (although it is a holder), it is subject to this kind of defense. LSA-R.S. 7:28; Paletou v. Sobel, La.App., 185 So.2d 95 (4th Cir. 1966).
Mr. Newbrough alleges that he went to Barnett’s in response to an advertisement and ordered the specific merchandise under promotion. He further contends that Barnett’s delivered goods other than those for which he bargained and that these were defective.
Southern and Barnett concede none of this. Rather, they maintain that Mr. New-brough received the articles which he purchased and that while Mr. Newbrough had complaints, these were rectified at some effort, including the delivery and installation of a new headboard for a bed. After the headboard exchange, the store contends that Mr. Newbrough expressed his satisfaction with the furnishings and tendered a check (twice refused by his bank for insufficient funds) in payment.
*274 The facts advanced by the parties cannot be reconciled. Rather, the trial judge was forced to choose between them, a choice which rests, intrinsically, upon credibility evaluations. Such evaluations lie uniquely within the discretion of the trier of fact and we see no indicia of manifest error in the exercise of that discretion by the court below.
We note, however, that in the judgment the trial court permitted the sum of $4.50 to be added to the amount due as “service charges”. The note between Barnett and Mr. Newbrough makes no provision for such charges and, indeed, could not do so inasmuch as the note is already drawn for 8% per annum, the maximum applicable rate permitted by law.
Therefore, the judgment is amended to reduce the principal sum awarded to $150.-00, and, as amended, affirmed. All costs in both courts are to be paid by appellant.
Amended and, as amended, affirmed.