REDMANN, Judge.
Emile G. Coci appeals from a judgment against himself in this suit on a promissory note.
Coci’s original answer denied plaintiff’s allegation it was the “holder and owner for valuable consideration”. A supplemental and amended answer was allowed immediately prior to trial because Coci had newly-employed counsel; plaintiff’s entitlement to a continuance was suggested by the trial judge, see LSA-C.C.P. art. 1154, but declined by plaintiff. The amended answer asserted the note was not supported by consideration.
Because the note recited “for value received”, the trial court excluded testimony sought to be elicited relative to the question of consideration, under the parol evidence exclusionary rule. LSA-C.C. art. 2276; see also C.C. art. 2238.
The exclusion of parol was erroneous.
“ * * * Article 2276 of the Civil Code and the authorities cited by plaintiff holding that written contracts are not subject to modification by parol evidence are inapplicable to the issue presented in this case. Negotiable paper is governed by laws peculiar to itself. The want, failure, or illegality of consideration may be established by parol testimony between the parties to a note. * * * ” (Citation of authorities omitted.) Belknap Hdw. & Mfg. Co. v. Hearn, 179 La. 909, 155 So. 396, 397 (1934).
LSA-R.S. 7:28 (N.I.L. § 28) provides “Absence or failure of consideration is a matter of defence as against any person not a holder in due course; * * * ” and *494 plaintiff is the payee here, not a holder in due course.
The circumstance that Coci’s code-fendant, a co-maker, admitted consideration is not determinative of Coci’s plea.
The judgment appealed from is reversed and this matter remanded. Costs will await the final outcome.
Reversed and remanded.