CHASEZ, Judge
(dissenting).
The facts in this case are somewhat confusing due, in some respect, to the fact that counsel for appellee filed no brief to this court and on the day assigned for oral argument he requested and was granted permission to withdraw from the case.
As well as can be determined from the record, Mrs. Leach registered at the International Hair Design Institute and began classes in August or September of 1963. She attended class from that time until some time in 1965 with time out twice to give birth to two children. During this period, defendant testified, her husband paid Mr. Sciortino ten to fifteen dollars per week totaling over $200.00. However, she had no receipts or cancelled checks because “everything was destroyed in Hurricane Betsy” in 1965. Mrs. Leach continued in her testimony to the effect that after Hurricane Betsy Mr. Sciortino endeavored continuously to get her to return to the beauty school. Evidently Mrs. Leach returned to the school in November of 1968. At this time she signed the note in question. She testified to nothing that transpired after November, 1968. On the stand she testified that she was told by Mr. Sciortino that what she was signing was no more than a form for malpractice insurance.
*272 Mrs. Leach also testified that Mr. Scior-tino did not tell her when she had accumulated 1500 hours, as he was required by law to do in order that she could apply to the State Board of Cosmetology to take the examination to become a licensed beauty operator. Mr. Sciortino claims she completed the course and knew she had the requisite number of hours. Mrs. Leach claims that in November of 1968 Sciortino informed her that she had completed 750 hours and still needed 750 hours to complete the course. Mrs. Leach did not file a re-enrollment application at the school in 1968, she only signed the note which she referred to as a form for malpractice insurance.
Mr. Sciortino testified that the note was given by Mrs. Leach as an indication of indebtedness for courses she had received at the school. He testified that she started and completed the course for which the note was given and further testified that the note was for the amount she owed the school and was signed by her in the presence of an instructor.
The testimony of Mrs. Leach and Mr. Sciortino conflicted. A Mrs. Mumphrey from the Board of Cosmetology testified on behalf of Mrs. Leach. Her testimony was to the effect that Mr. Sciortino’s school had been reprimanded in the past for mishandling records, but she could not testify as to any particular facts with regard to the situation as it existed between Mrs. Leach and Mr. Sciortino.
Considering the defense of failure of consideration, the law with respect thereto is not in doubt. LSA-R.S. 7:24 provides that “every negotiable instrument is deemed prima facie to have been issued for a valuable consideration.”
The defense of failure of consideration pertains to events which occur subsequent to the execution of the note, that is, some failure of the payee to perform the obligation for which the instrument was given. Paletou v. Sobel, La.App., 185 So.2d 95 (4th Cir. 1966).
In the case at bar Mrs. Leach in her answer affirmatively plead failure of consideration because the plaintiff did not conduct regular classes. However, at the trial, there was absolutely no evidence or testimony presented which in any way reflected the irregularity or not of classes conducted at the International Hair Design Institute at any time, and particularly, after the note was given. Additionally, if the note was given after the course had been completed, as contended by Mr. Sciortino, then the defense of failure of consideration would be an inappropriate defense because the note was for an antecedent debt. The defense would have been lack of consideration rather than failure of consideration since this latter defense applies only to events which occur subsequent to the execution of the note. See Paletou v. Sobel, supra.
The testimony of both plaintiff and defendant was somewhat incredible. The only evidence in the record which stands above reproach is the note itself which bears the signature of Mrs. Leach. Generally the maker has the burden of proving failure of consideration, and only when the defendant offers proof creating doubt as to the reality of consideration for the negotiable instrument sued on, the presumption that the note was given for value is rebutted and the burden of proof then shifts to the plaintiff to prove consideration by a preponderance of evidence. Moore Steel, Inc. v. Clear Lite Window Co., La.App., 178 So.2d 376 (4th Cir. 1965) and authorities cited therein. It is further understood that the defense of failure of consideration may be proved by parol evidence. X-L Finance Co. v. Gregoire, La.App., 217 So.2d 463 (1st Cir. 1969).
The record as a whole does not reflect any credible evidence offered by defendant to rebut plaintiff’s case.
Therefore I think that Mrs. Leach has not proved her defense of failure of consideration, nor has she shed doubt on whether there was consideration that fail *273 ed so as to shift the burden of proof to the plaintiff. I respectfully dissent.
The judgment of the Court a quo dismissing plaintiff’s suit should be reversed and judgment entered in favor of plaintiff, Jack Sciortino, and against defendant, Mrs. Judith Leach, in the sum of Four Hundred Twenty-five ($425.00) dollars, with 8 percent per annum interest from November 15, 1968 until paid and for 20% attorneys fees on principal and interest and for all costs.